IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00564-WDM-KLM

DONALD ATCHISON, and
WENDY ATCHISON,

    Plaintiffs,

v.

SADDLEBACK METROPOLITAN DISTRICT,

    Defendant.

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion Regarding Sufficiency of Answers to Requests for Admission Pursuant to Fed. R. Civ. P. 36(a)(6) and Motion to Compel Responses to Interrogatories Pursuant to Fed. R. Civ. P. 37(a)(3)(B)** [Docket No. 28; Filed September 15, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant's Response [Docket No. 31; Filed September 24, 2008], Plaintiffs' Reply [Docket No. 34; Filed September 30, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART**, as set forth below.

**I.    Background**

Plaintiffs are the homeowners of property located in Clear Creek, Colorado. *Complaint* [#1] at 2. Defendant is a Colorado special district created in November 1995 by the Board of County Commissioners of Clear Creek County, Colorado with the power to

1

acquire real property necessary to its functions, including the power of eminent domain. *Id.* Pursuant to this power, Defendant instituted a condemnation action concerning a portion of Plaintiffs' property in May 2000 in the Clear Creek County Court, thereby acquiring a permanent, non-exclusive drainage easement across a five-foot strip of land along the western boundary of Plaintiffs' property. *Id.* at 2-5. In simple terms, the instant case involves the "alleged expanded use of [the] easement obtained by the Defendant through condemnation for drainage of water." *Motion to Dismiss* [#7] at 2.

## II. The Motion to Compel

Plaintiffs request that the Court determine the sufficiency of Defendant's answers to Plaintiffs' Requests for Admission ("RFAs"), and also request an order compelling Defendant to respond to their interrogatories. *Motion* [#28] at 1. As grounds, Plaintiffs state that on July 3, 2008, they served seventeen RFAs, sixteen interrogatories, and three Requests for Production ("RFPs") on Defendant. *Id.* at 2. After receiving an extension of time from the Court, Defendant submitted its discovery responses to Plaintiffs on September 4, 2008. *Id.* Plaintiffs now argue that "almost all of Defendant's discovery responses are insufficient and do not comply with the governing procedural rules." *Id.*

### 1. Sufficiency of Answers to RFAs

Plaintiffs argue that "fourteen of Defendant's answers to Plaintiffs' Requests are neither an admission, a denial nor a detailed statement as to why it cannot admit or deny. Accordingly, Defendant's answers do not comply with Fed. R. Civ. P. 36." *Motion* [#28] at 4. Defendant's counsel states that on September 11, 2008, he communicated with Plaintiff's counsel and indicated that he would supplement the responses, but that the supplemental responses would not be provided until September 22, 2008. *Response* [#32]

2

at 2, Ex. B. Defendant states that Plaintiffs' counsel did not respond to his September 11, 2008 email, but instead, on September 15, 2008, filed the motion to compel currently before the Court. *Id.* Defendant's counsel argues that on September 22, 2008, as promised, he provided the supplemental responses to the discovery requests. *Id.* at Ex. C. Defendant argues that "Plaintiffs' correspondence to Defendant is not a good faith effort to obtain the discovery without court intervention." *Id.* Plaintiffs acknowledge that Defendant's supplemental responses provided September 22, 2008, "eliminated the deficiencies in its original answers and generally provided appropriate answers adhering to Fed. R. Civ. P. 36." *Reply* [#34] at 2. However, Plaintiffs continue to argue that the Court should order Defendant to pay Plaintiffs the reasonable expenses incurred in bringing their Motion, as "Defendant provided the requested discovery after Plaintiffs' filed their motion." *Id.*

Fed. R. Civ. P. 37(a)(5) applies to an award of expenses on a motion regarding the sufficiency of answers to requests for admission. *See* Fed. R. Civ. P. 36(a)(6). Rule 37 provides, in relevant part, "if the disclosure or requested discovery is provided after the motion was filed–the court must . . . require the party . . . to pay the movant's reasonable expenses . . . . But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action . . . ."

Plaintiffs argue that this exception does not apply to their Motion, as "Defendant's counsel merely advised Plaintiffs that it would provide revised responses 'if necessary' on or before September 22. Defendant certainly did not commit itself to providing revised responses." *Reply* [#34] at 3. Plaintiffs apparently argue that the non-committal tone of

3

Defendant's emails excused them from their duty to attempt in good faith to obtain the discovery without Court's intervention. The Court disagrees. It is clear that a good faith effort to obtain the discovery would have required Plaintiffs' counsel to respond to the September 11, 2008 email from Defendant's counsel and attempt to negotiate that the supplemental responses be provided on terms agreeable to both parties. However, instead of doing so, Plaintiffs filed the instant Motion. Plaintiffs did not make a good faith effort "to obtain the disclosure or discovery without court action," as required by Fed. R. Civ. P. 37(a)(5)(A)(i).

Accordingly, IT IS HEREBY **ORDERED** that Plaintiffs' request for reasonable expenses incurred in bringing the motion is **DENIED.**

IT IS FURTHER **ORDERED** that **Plaintiff's Motion Regarding Sufficiency of Answers to Requests for Admission Pursuant to Fed. R. Civ. P. 36(a)(6) and Motion to Compel Responses to Interrogatories Pursuant to Fed. R. Civ. P. 37(a)(3)(B)** [Docket No. 28; Filed September 15, 2008] is **DENIED AS MOOT**, to the extent it requests that the Court determine the sufficiency of Defendant's answers to Plaintiffs' ROAs.

**2. Motion to Compel Responses to Interrogatories**

Second, Plaintiffs request that the Court compel Defendant to answer its interrogatories. Plaintiffs argue that "to the extent Defendant actually answered the thirteen Interrogatories subject to this motion, its responses are evasive, incomplete, or entirely unrelated to Plaintiff's [sic] Interrogatories." *Motion* [#28] at 10. Further, while Defendant has also supplemented its responses to Plaintiffs' interrogatories, Plaintiffs argue that Defendant's "supplemental answers to the Interrogatories are as non-responsive as its

4

original answers." *Reply* [#34] at 4. Defendant's Response does not contain any substantive arguments related to the sufficiency of its answers to Plaintiffs' interrogatories., although Defendant has attached its supplemental responses *Response* [#31] at 1-4, Ex. C. Accordingly, the Court must consider the interrogatories, the original responses and the supplemental responses provided by Defendant to determine their sufficiency.

        A.        Interrogatory Nos. 3, 4 and 6

In these interrogatories, Plaintiffs ask Defendant to identify all material allegations in their Complaint the truth of which Defendant can neither admit nor deny because it lacks knowledge or information sufficient to form a belief about its truth. *Motion* [#28] at Ex. 1, p. 9. Defendant's supplemental responses stated that Defendant will "file an Answer to Plaintiffs' factual allegations contained in the Complaint when required to do so by court order or civil rule of procedure." *Response* [#32] at Ex. C, p. 15. Defendant apparently asserts that the filing of a Motion to Dismiss in lieu of an Answer abrogates its discovery obligations. Defendant cites no authority to support this contention and the Court is aware of none. While Defendant may wish to wait to answer these interrogatories until it files an Answer, the fact remains that Plaintiffs are entitled to discovery, and especially entitled to information that is directly relevant to Plaintiffs' claims. The Court finds that Defendant has not sufficiently objected to nor answered Interrogatories No. 3, 4, and 6 as required by Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). Accordingly, the Motion is **GRANTED** with respect to Interrogatories No. 3, 4 and 6.

        B.        Interrogatory No. 5

This interrogatory states, "[f]or each material allegation in Plaintiffs' Complaint and

5

Jury Demand the truth of which you deny: (a) state all material facts upon which you based your denial; (b) identify all persons who have knowledge of those facts; and (c) identify all documents which support your denial." *Motion* [#28] at Ex. 1, p. 10. Defendant's supplemental response states that "[a]ll relevant documents have been provided to Plaintiffs in Clear Creek County case numbers 00 cv 54, 06 cv 6 and/or 08 cv 57, as well as federal case number 08 cv 564." *Response* [#32] at Ex. C, p. 15. However, Plaintiffs argue that "[t]he documents disclosed in the related cases referenced by Defendant do not tell Plaintiffs which of their allegations Defendant denies or the facts upon which it bases its denial." *Reply* [#34] at 6. The Court finds that Defendant has not sufficiently objected to nor answered Interrogatory No. 5 as required by Fed. R. Civ. P. 33(b)(3). Accordingly, the Motion is **GRANTED** with respect to Interrogatory No. 5.

    C.  Interrogatory No. 7

This interrogatory asked Defendant to describe communications between it and Plaintiffs from 2000 to the present. *Motion* [#28] at Ex. 1, p. 11. Defendant's supplemental response stated Defendant will "file an Answer to Plaintiffs' factual allegations contained in the Complaint when required to do so by court order or civil rule of procedure." *Response* [#32] at Ex. C, p. 16. The Court finds that Defendant has not sufficiently objected to nor answered Interrogatory No. 5 as required by Fed. R. Civ. P. 33(b)(3). Accordingly, the Motion is **GRANTED** with respect to Interrogatory No. 7.

    D.  Interrogatory No. 8

This interrogatory asked Defendant to describe communications between it and Saddleback Mountain Development Corporation, with whom it claims to be in privity,

6

concerning the matters at issue in this litigation. *Motion* [#28] at Ex. 1, p. 11-12. Defendant responded that the request was "over broad, unduly burdensome and oppressive." *Id.* However, subject to that objection, it also appears that Defendant provided a full response to this interrogatory. *Id.* In its initial response to Interrogatory No. 8, Defendant set forth a detailed list of communications, the dates of the communications and the subject matter. *Id.* at 12. Plaintiffs do not appear to argue that this list is insufficient, only that Defendant should not have objected on the grounds that the interrogatory was over broad, burdensome and oppressive. *Reply* [#34] at 7. Therefore, as it appears that Defendant has fully responded, the Motion is **DENIED** with respect to Interrogatory No. 8.

        E.        Interrogatory No. 9

This interrogatory asks Defendant to state whether it contends that Plaintiffs knew or should have known that Defendant owned, controlled or was responsible for the drainage water flowing through Plaintiffs' property. *Motion* [#28] at Ex. 1, p. 13. Defendant's supplemental response stated that Defendant's "position is stated in its Motion to Dismiss and will not be reasserted here." *Response* [#32] at Ex. C, p. 17. However, Plaintiffs argue that they requested this information precisely because Defendant raised a statute of limitations defense in its Motion to Dismiss, and this information is related to the statute of limitations defense. *Reply* [#34] at 8. Therefore, "to merely refer back to the motion that prompted the Interrogatory is no answer at all." *Id.* The Court agrees. The Court finds that Defendant has not sufficiently objected to nor answered Interrogatory No. 9 as required by Fed. R. Civ. P. 33(b)(3). Accordingly, the Motion is **GRANTED** with respect to Interrogatory No. 9.

### F. Interrogatory No. 10

This interrogatory asked Defendant to state whether it contends that it is in contractual privity with Saddleback Mountain Development Corporation ("SMDC"). *Motion* [#28] at Ex. 1, p. 13-14. Defendant responded that "[t]his requests a legal opinion for which Defendant is not trained or capable of answering." *Id.* Subject to that objection, Defendant set out certain facts which Plaintiffs contend are non-responsive. *Motion* [#28] at 15-17. To the extent that Defendant object on the grounds that this interrogatory calls for a legal opinion, the Court does not find that this objection is sustainable for two reasons. First, the interrogatory quite plainly requests a yes or no answer - whether Defendant believes that it is in privity with the SMDC. Second, even if the interrogatory actually requested a legal opinion, it is not proper to object on the grounds that an interrogatory "asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2). Accordingly, the Court finds that Defendant did not properly object to this interrogatory. Moreover, the Court has reviewed the facts set out in Defendant's initial response, and finds that they do not clearly address the question of whether Defendant contends it is in contractual privity with SMDC. *Motion* [#28] at Ex. 1, p. 13-14. Therefore, Defendant has not sufficiently objected to nor answered Interrogatory No. 10 as required by Fed. R. Civ. P. 33(b)(3). Accordingly, the Motion is **GRANTED** with respect to Interrogatory No. 10.

### G. Interrogatory No. 11

This interrogatory asked Defendant whether it contends it was entitled to use the portion of Plaintiffs' property it now seeks to obtain by condemnation in a related action from July 15, 2002 to the present. *Motion* [#28] at Ex. 1, p. 14. Defendant responded that

"[t]his requests a legal opinion for which Defendant is not trained or capable of answering." *Id.* Subject to that objection, Defendant set out certain facts which Plaintiffs contend are non-responsive. *Motion* [#28] at 15-17. As set forth above, Defendant may not object on the grounds that an interrogatory calls for a legal opinion. Even so, the Court again finds that this interrogatory calls for a yes/no answer, and not a legal opinion. Finally, the Court has reviewed the response provided by Defendant subject to its objection, and finds that it is non-responsive to the interrogatory, as it relates to the effective date of valuation for the condemnation in the state court action and does not clearly answer the question of whether Defendant contends it was entitled to use that portion of Plaintiffs' property from July 15, 2002 to the present. *Motion* [#28] at Ex. 1, p. 14. Therefore, Defendant has not sufficiently objected to nor answered Interrogatory No. 11 as required by Fed. R. Civ. P. 33(b)(3). Accordingly, the Motion is **GRANTED** with respect to Interrogatory No. 11.

      H.      Interrogatory No. 12

This interrogatory asks Defendant to state whether it contends that the easement it obtained by condemnation in previous litigation between the parties entitled Defendant to use other portions of Plaintiffs' property outside the boundaries of the easement. *Motion* [#28] at Ex. 1, p. 14-15. Defendant responded that "[t]his requests a legal opinion for which Defendant is not trained or capable of answering." *Id.* Subject to that objection, Defendant set out certain facts which Plaintiffs contend are non-responsive. *Motion* [#28] at 18. As set forth above, Defendant may not object on the grounds that an interrogatory calls for a legal opinion. Even so, the Court again finds that this interrogatory calls for a yes/no answer, and not a legal opinion. Finally, the Court has reviewed the response provided by Defendant subject to its objection, and finds that it is non-responsive to the interrogatory,

9

as it relates to when and where a culvert was placed on Plaintiffs' property and why Defendant did not use its easement, and not whether Defendant contends it was entitled to use other portions of Plaintiffs' property. *Motion* [#28] at Ex. 1, p. 14. Therefore, Defendant has not sufficiently objected to nor answered Interrogatory No. 10 as required by Fed. R. Civ. P. 33(b)(3). Accordingly, the Motion is **GRANTED** with respect to Interrogatory No. 12.

    I.   Interrogatory No. 13

This interrogatory asked Defendant to state whether it sought to obtain the portion of Plaintiffs' property it now seeks to obtain by condemnation in the litigation between the parties in the Clear Creek County District Court at any time before July 15, 2007. *Motion* [#28] at 19. Defendant responded "[s]ee good faith negotiation letters submitted to [Plaintiffs] per our Response No. 8." *Id.* at Ex. 1, p. 16. Plaintiffs argue that the documents referenced in Defendant's initial response are all dated after July 15, 2007, and therefore are not actually responsive to Interrogatory No. 13. *Motion* [#28] at 19. Although the letters at issue have not been provided to the Court, Defendant does not dispute Plaintiffs' claim that the documents are non-responsive to the interrogatory, but merely states that the interrogatory is "confusing." *Response* [#32] at Ex. C, p. 19. Defendant has not sufficiently objected to nor answered Interrogatory No. 13 as required by Fed. R. Civ. P. 33(b)(3). Accordingly, the Motion is **GRANTED** with respect to Interrogatory No. 13.

    J.   Interrogatory No. 14

This interrogatory asked Defendant to describe why it did not commence the ongoing condemnation action, 08 CV 57, in the Clear Creek County District Court until the

10

time that it did.  *Motion* [#28] at Ex. 1, p. 16.  Defendant objected on the grounds that the interrogatory requested "a legal opinion for which Defendant is not trained or capable of answering."  *Id.*  However, subject to that objection, Defendant then stated that "Resolution 07-3 authorizing condemnation of the additional easement per 08-CV-57 was passed by the District on September 18, 2007 . . . . "  *Id.*  In its supplemental response, Defendant stated, "[o]bjection previously stated and the request seeks communication which is attorney/client privilege."  *Response* [#31] at Ex. C, p. 19.  Plaintiffs argue that this objection is invalid, and that they "asked Defendant about events before July 15, 2007.  Defendant responded by describing events after July 15, 2007."  *Motion* [#28] at 20.  As set forth above, Defendant may not object on the grounds that an interrogatory calls for a legal opinion.  The Court also finds that this interrogatory does not call for a legal opinion, as it merely asks for an explanation of Defendant's actions.  Moreover, to the extent that answering this interrogatory would require disclosure of privileged communications, Defendant has failed to comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A)(ii), which provides that when a party withholds information on the basis of privilege, it must "describe the nature of the documents, communications, or tangible things not to be produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Other than its mere statement that the information sought is privileged, Defendant has not provided any further information that would enable Plaintiffs or the Court to assess the claim of privilege.  Defendant has not sufficiently objected to nor answered Interrogatory No. 14 as required by Fed. R. Civ. P. 33(b)(3).   Accordingly, the Motion is **GRANTED** with respect to Interrogatory No. 14.  To the extent that Defendant  wishes to assert that the information

sought is privileged, Defendant must comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A)(ii).

### K. Interrogatory No. 16

This interrogatory asked Defendant to describe the material facts and allegations about which the persons identified in its disclosures have knowledge or information. *Motion* [#28] at Ex. 1, p. 16. Defendant responded "[t]his request is not limited in time, nor defines what would constitute a 'material fact' [sic] it is so obviously over broad, unduly burdensome, and oppressive that it is virtually impossible to answer." *Id.* In its supplemental response, Defendant further stated that "the disclosed individuals have previously testified under oath regarding the facts of this case." *Response* [#31] at Ex. C, p. 11. Through Defendant's 26(a)(1) disclosures, it has identified those people who are likely to possess discoverable information that Defendant may use in its defense. Plaintiffs now attempt to discover the information possessed by those people. This is clearly relevant to Plaintiffs' claims, and the fact that the disclosed individuals have testified under oath does not excuse Defendant from answering this interrogatory. Nor does Defendant provide any support for its statement that the interrogatory is over broad, unduly burdensome or oppressive. Defendant has not sufficiently objected to nor answered Interrogatory No. 16 as required by Fed. R. Civ. P. 33(b)(3). Accordingly, the Motion is **GRANTED** with respect to Interrogatory No. 16.

## III. Conclusion

IT IS HEREBY **ORDERED** that **Plaintiff's Motion Regarding Sufficiency of Answers to Requests for Admission Pursuant to Fed. R. Civ. P. 36(a)(6) and Motion**

**to Compel Responses to Interrogatories Pursuant to Fed. R. Civ. P. 37(a)(3)(B)** [Docket No. 28; Filed September 15, 2008] is **GRANTED IN PART AND DENIED IN PART**, as set forth above. Each party is to bear their own costs.

IT IS FURTHER **ORDERED** that Defendant is to respond to Plaintiffs' First Set of Interrogatories on or before **November 14, 2008**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: October 21, 2008