IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00564-PAB-KLM

DONALD ATCHISON, and
WENDY ATCHISON,

    Plaintiffs,

v.

SADDLEBACK METROPOLITAN DISTRICT,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on defendant Saddleback Metropolitan District's ("SMD") Motion to Dismiss [Docket No. 7]. SMD raises three arguments in favor of dismissal: (1) plaintiffs' claims are barred by the statute of limitations; (2) the doctrine of *res judicata* precludes plaintiffs' claims; and (3) plaintiffs' claims are not ripe. In their response, plaintiffs maintain that the motion to dismiss should be converted to one for summary judgment because SMD attached various documents from a related state court case that were not referenced in the complaint. *See* Pls.' Resp. at 3-4 [Docket No. 14]. Because I find the ripeness issue dispositive, I need not consider non-jurisdictional facts that are not referred to in the Complaint. I therefore decline to convert the motion to dismiss to a motion for summary judgment.

**I. FACTUAL BACKGROUND**

    Plaintiffs Donald and Wendy Atchison are married residents of Clear Creek County, Colorado who own the property on which their residence is situated. Complaint

and Jury Demand [Docket No. 1] ¶¶ 1, 5.  SMD is a Colorado special district that was created as a "metropolitan district" to provide certain services pursuant to Colo. Rev. Stat. § 32-1-103(10).  *Id.* ¶ 2.  SMD is vested with eminent domain power to carry out its functions as a metropolitan district.  *Id.* ¶ 7.  Between the summer and fall of 2000, SMD exercised this power to condemn a five foot wide strip of land near one border of the Atchison property along with a temporary construction easement to facilitate installation of a drainage way for a nearby development.  *Id.* ¶¶ 8-14. SMD proceeded by way of a condemnation action, in which the Clear Creek County District Court awarded the Atchisons payment of $2000.00 as total just compensation for the two easements, which the Atchisons received in due course.  *Id.* ¶¶ 15-16.

Between July 2001 and July 2002, Saddleback Mountain Development Corporation installed a culvert on plaintiffs' property.  *Id.* ¶ 20.  Drainage water began flowing through this culvert in late 2002 or early 2003.  *Id.* ¶ 23.  Plaintiffs allege that this drainage water, from the time it began flowing across their property to the present, has exceeded the bounds of the five foot wide drainage easement obtained by SMD in 2000.  *Id.* ¶ 24.  The Atchisons maintain that this drainage flow has restricted use of their driveway, caused soil erosion, and otherwise damaged their property.  *Id.* ¶¶ 25-26, 35.  They claim that this drainage flow constitutes an unlawful taking of their property without just compensation that has resulted in, among other things, mental anguish and emotional distress.  *Id.* ¶ 34.

Plaintiffs initiated this lawsuit on March 13, 2008, alleging one claim under 42 U.S.C. § 1983 to remedy SMD's purported "ongoing, continuing violation of Plaintiffs'

Fifth Amendment rights." *Id.* ¶ 41. The only constitutional or other federal law violation that plaintiffs identify in their Section 1983 claim is SMD's alleged taking of their property for public use without just compensation. *Id.* ¶¶ 37-42.

## II. ANALYSIS

### A. Standard of Review

The Court considers a ripeness challenge as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) because such a challenge implicates the Court's subject matter jurisdiction. *SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997). Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). Here, SMD attacks the factual basis for subject matter jurisdiction, and, thus, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance*, 126 F.3d at 1275. "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.* Ultimately, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

B. Ripeness of Plaintiffs' Section 1983 Claim

Plaintiffs' sole claim in this action is one under Section 1983, which allows federal courts to grant relief for deprivations of "any rights, privileges, or immunities secured by the Constitution and laws" by any "person" acting "under color" of state law. 42 U.S.C. § 1983 (2006). Plaintiffs' Section 1983 claim is premised on SMD's alleged violation of the Takings Clause of the Fifth Amendment of the United States Constitution.[1] *See* Pls.' Resp. at 20 ("The essence of this action is the Atchisons' assertion that SMD has been violating their constitutional right to be free from governmental takings of their private property without just compensation for several years."). SMD argues that this claim is unripe because plaintiffs have not sought just compensation in state court and been denied such compensation for use of the Atchison property in excess of the scope of the 2000 drainage easement. *See* Def.'s Mot. to Dismiss ¶¶ 49-52. Plaintiffs attempt to distinguish their case from the general rule that aggrieved landowners must first seek just compensation through available state procedures by asserting that it is not "just compensation" that they seek in this lawsuit, but rather damages for emotional and mental distress they have suffered as a result of SMD's alleged constitutional violation.

"The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). A condemning authority need not pay landowners just compensation in advance of, or contemporaneously with,

---

[1] The Fifth Amendment provides, in relevant part: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V.

a taking, so long as adequate procedures exist for later obtaining such compensation. *Id.* A physical seizure of property without compensation by a condemning authority "shifts to the landowner the burden to discover the encroachment and to take affirmative action to recover just compensation." *United States v. Clarke*, 445 U.S. 253, 257 (1980). Thus, it is well established that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County*, 473 U.S. at 195.

At all times relevant to this case, Colorado law has provided a procedure for obtaining compensation for governmental seizure of private property. *See* Colo. Rev. Stat. § 38-1-101 *et seq.*; *see also Linnebur v. Pub. Serv. Co. of Colorado*, 716 P.2d 1120, 1123 (Colo. 1986) ("An inverse condemnation action . . . is to be tried as if it were an eminent domain proceeding."). Plaintiffs' unquestionably are aware of this state law remedy for governmental seizure of property, as they mention a pending condemnation action brought by SMD that involves the facts underlying this case in their briefing on the motion to dismiss. *See* Pls.' Resp. at 20 n.7 (stating that "SMD commenced a condemnation proceeding against the Atchisons after it filed the present motion"). While the state condemnation action is pending, plaintiffs' Section 1983 claim premised on an alleged violation of the Takings Clause is not ripe. *See, e.g., B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1299 (10th Cir. 2008) (holding that Fifth Amendment takings claim was unripe during pendency of state inverse condemnation action); *Miller v. Campbell County*, 945 F.2d 348, 352 (10th Cir. 1991) ("Because the

5

plaintiffs have not yet been turned away empty-handed, it is not clear whether their property has been taken without just compensation. Therefore, under *Williamson County*, . . . plaintiffs['] Fifth Amendment takings claim is not yet ripe for review in federal court.").

As discussed above, plaintiffs attempt to avoid the foregoing conclusion by arguing that in this action they seek only damages for "mental anguish and suffering, mental and emotional distress, inconvenience and hardship," and not "just compensation." Pls.' Resp. at 21. This argument puts the cart before the horse. Even assuming, *arguendo*, that such damages are recoverable under the plaintiffs' legal theory, before plaintiffs may recover damages under Section 1983, they must prove the constitutional violation that they allege – i.e., that their property has been taken without just compensation. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 721 ("A federal court, moreover, cannot entertain a takings claim under § 1983 unless or until the complaining landowner has been denied an adequate postdeprivation remedy."); *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) ("[Section 1983] is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."); *cf. First Bet Joint Venture v. City of Central City*, 818 F. Supp. 1409, 1412 (D. Colo. 1993) ("This court does not believe that the Tenth Circuit has recognized a claim under the Just Compensation Clause of the Fifth Amendment for money damages for deprivation of property without the prerequisite of a 'taking.'"). Further, even if I were to interpret plaintiffs' damages argument as a claim that

Colorado lacks an adequate procedure for seeking just compensation because plaintiffs' recovery may be limited to the fair market value of the property taken, such an argument is foreclosed by the Tenth Circuit's opinion in *SK Finance SA v. La Plata County*. There, the Court of Appeals confirmed that Colorado provides an adequate procedure for obtaining just compensation when it held that a Colorado landowner must pursue a condemnation or inverse condemnation action as provided by Colorado law before coming to federal court to assert a violation of the Takings Clause. *SK Finance SA*, 126 F.3d at 1276.

## III. CONCLUSION

Because plaintiffs fail to allege facts sufficient to suggest that they have pursued and been denied an award of just compensation at the state level, their claims are not yet ripe for resolution in federal court. Accordingly, it is

**ORDERED** that defendant Saddleback Metropolitan District's motion to dismiss [Docket No. 7] is GRANTED. It is further

**ORDERED** that this action is dismissed without prejudice.

DATED February 5, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge