IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00564-PAB-KLM

DONALD ATCHISON, and
WENDY ATCHISON,

    Plaintiffs,

v.

SADDLEBACK METROPOLITAN DISTRICT,

    Defendant.

_____

**ORDER**
_____

This matter is before the court on defendant's Application for Payment of Attorney Fees Pursuant to 42 U.S.C. 1988 [Docket No. 59] filed on February 20, 2009. Plaintiffs filed their response in opposition to defendant's application for attorney fees on March 30, 2009 [Docket No. 65]. For the following reasons, defendant's application for attorney's fees under 42 U.S.C. § 1988 is denied.

Under 42 U.S.C. § 1988(b), the Court has discretion to allow the "prevailing party" in a § 1983 action a "a reasonable attorney's fee as part of the costs . . . ." On February 5, 2009, the Court granted defendant's motion to dismiss [Docket No. 57]. The basis for that ruling was that plaintiff's claims were not ripe because plaintiff failed to pursue available remedies in Colorado state court to ascertain the compensation due, if any, for an alleged governmental seizure of plaintiffs' property. Thus, the Court dismissed this action without prejudice and without reaching the merits of plaintiffs' claims under the Fifth Amendment of the United States Constitution. The question

before the Court, then, is whether defendant qualifies as a "prevailing party" within the meaning of § 1988(b).  The Court finds that it does not.

"In *Buckhannon*, the Supreme Court held that a party is a prevailing party for the purpose of awarding attorneys' fees under § 1988 only if he has obtained a judgment on the merits, a consent decree, or some other settlement materially altering the legal relationship of the parties."  *Bell v. Bd. of County Comm'rs of Jefferson County*, 451 F.3d 1097, 1102 (10th Cir. 2006) (citing *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 602-604 (2001)).  An order dismissing a case on ripeness grounds does not operate as an adjudication on the merits.  *See Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1216 n.3 (10th Cir. 2003); *see also State of Missouri ex rel. Missouri Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1338 (8th Cir. 1997) (holding that because case was dismissed on jurisdictional grounds because it was not ripe, party benefitting from dismissal was not a prevailing party under § 1988).  Nor did the Court's February 5, 2009 Order dismissing this case involve a consent decree or settlement between the parties.  Although defendant successfully halted this federal litigation against it, the primary merits issue raised in this case – whether or not plaintiffs have been justly compensated for their property by defendant – remains to be decided and the legal relationship between the parties remains unchanged as to that question.  Thus, defendant Saddleback Metropolitan District is not a prevailing party within the meaning of § 1988(b) so as to merit an award of attorney's fees under that provision.

Although defendant was not a prevailing party for purposes of § 1988(b),

defendant qualifies as a prevailing party for purposes of a cost award under Fed. R. Civ. P. 54(d).  *See GHK Exploration Co. v. Tenneco Oil Co.*, 857 F.2d 1388, 1391 (10th Cir. 1988).  However, the Clerk of Court has taxed defendant's costs [Docket No. 66] and, thus, to the extent that defendant's application for attorney's fees also requests costs, it is moot.

Accordingly, it is

**ORDERED** that defendant's application for attorney's fees [Docket No. 59] is DENIED.

DATED May 29, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge